UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Alonza Rufus, # 482019,<br>*f.k.a. Michael Alonza Rufus. # 99284-071,*<br><br>          Petitioner,<br>vs.<br><br>United States of America,<br><br>          Respondent. | C/A No. 6:11-746-TLW-KFM<br><br>**Report and Recommendation** |

Petitioner, Michael Alonza Rufus #482019, f/k/a Michael Alonza Rufus # 99284-071, ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Petitioner is a detainee in the Walton County Detention Center, in Monroe, Georgia.[1] Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned finds that the Petition should be summarily dismissed.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted

---

[1] Plaintiff is in custody in the Walton County Detention Center ("WCDC"), in Monroe, Georgia, without bond, having been charged with possession of firearm/knife in commission of a crime, and possession/manufacture of controlled substance, on March 1, 2011, according to the WCDC inmate search website, *see:* http://www.waltoncountyga.org/Sheriff/jailrosterframes.htm (last visited April 5, 2011). The Court may take judicial notice of factual information in postings on government websites. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 at *2, n.5 (D.S.C., February 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

2

**Background**

Petitioner styles his pleading as a "Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus From Void Judgment Issued by a Court Created by Act of Congress." In his § 2241 Petition, Petitioner attacks what he describes as a "rule nisi" entered by this Court in *United States v. Rufus*, C/A No. 3:-2-cr-550-MJP and seeks "an order vacating or discontinuing enforcement of the Rule Nisi and any orders, filings, etc. that would cause restraint on Petitioner." ECF No. 1, p. 3. In his criminal case, Petitioner pled guilty in this Court on April 28, 2003, to violation of 21 U.S.C. § 841(a)(1) (conspiracy to distribute 500 grams or more of cocaine), and violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). The Honorable Matthew J. Perry, Senior United States District Judge, sentenced Petitioner on October 21, 2003, to 37 months and 60 months, to run consecutively for a total of 97 months, followed by 8 years of supervised release. *See* C/A No. 02-550, ECF No. 80.[2]

Petitioner alleges that [a] "Petition Under 28 U.S.C. § 2255 [is] Insufficient" because his "private rights" are "the subject of the instant matter," and "the court created by Act of Congress are not constituted to resolve issues involving Private Rights of Citizens having legal status of Petitioner." ECF No. 1, p. 1. Petitioner describes his alleged legal status as that of "a private and natural born Citizen having been naturally born the sovereign body politic of South Carolina state and NEVER having negotiated or contracted said legal status". ECF No. 1, p. 1. Petitioner challenges his convictions and sentences in C/A No.

---

[2]The Court takes judicial notice of Petitioner's prior proceedings in the district and circuit courts. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

02-550 on the following grounds: (1) ineffective assistance of counsel; (2) lack of lawful personal and/or subject matter jurisdiction; (3) due process violation; (4) void judgment; (5) violation of Articles of Confederation; and (6) violation of right to contract. ECF No. 1, p. 2-3. The Petition's conclusory allegations challenge his convictions and sentences based, essentially, on Petitioner's allegations that his "Private Rights" were/are not subject to the jurisdiction of the District Court. Petitioner asserts that all of his attorneys were ineffective "for not looking into and finding the true nature of the allegations against the Petitioner," which allowed "Petitioner and his rights, both being private, [to] become subject to a court and officials bound to that court which is not lawfully designed, authorized, or otherwise to adjudicate matters of such magnitude." Petitioner alleges that he is "not of a body politic where his Private Rights can be taken away by the government as done [in] 3:02CR550" and "attorneys for [Respondent] used *idem sonams* in fraudulently/collusively joining Petitioner to the Named Defendant who was/is of a different legal status than Petitioner." "Petitioner's presumed subjecting himself and his private rights under/as the Named Defendant was due to prosecutor's bad faith, fraudulent and collusively use of an *idem sonams* within a tribunal having an appearance of a district court" in which "it was presumingly determined that Petitioner was of some foreign body politic that its lawful to impose criminal liabilities for mere torts with no natural/real injury or living victim." *See* ECF No. 1, p. 1-3.

On October 24, 2003, Petitioner filed a direct appeal of his convictions and sentences in C/A No. 02-550, which were affirmed by the Fourth Circuit Court of Appeals in *United States v. Rufus,* 114 Fed Appx 56 (4th Cir. 2004), on December 1, 2004. *See* C/A No. 02-550, ECF No. 97. Thereafter, Petitioner, proceeding *pro se*, filed numerous post-trial

4

documents ("notice of acceptance," letters, "notice of request for independent action," "notice of petition for redress of grievances," and motions (for bond, to appoint counsel, for discovery, for a hearing), all of which were denied by this Court, on August 20, 2009. *See* C/A No. 02-550, ECF No. 109. On September 11, 2009, Petitioner filed a *pro se* notice of appeal, and he filed another "notice of appeal of final judgment" on September 28, 2009. The Fourth Circuit affirmed on November 25, 2009. *See* C/A No. 02-550, ECF No. 122. On July 14, 2010, Petitioner - apparently no longer in custody - filed another pleading, including motions to appoint counsel, for a hearing, and for miscellaneous relief. Petitioner's filing included an "apostille" and a "presentment" and attacked his convictions and sentences in C/A No. 02-550 as "void." *See* C/A No. 02-550, ECF No. 127. The Court denied his motions on June 15, 2010. Once again, Petitioner appealed to the Fourth Circuit, which, on March 16, 2011, affirmed this Court's denial of his post-judgment motion. *See* C/A No. 02-550, ECF No. 136.

On November 24, 2004, Petitioner filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence in C/A No. 05-220, which this Court denied in granting summary judgment to Respondent on April 4, 2007, in *Rufus v. United States of America*, 3:04-23082-MJP. On May 30, 2007, Petitioner filed a motion for reconsideration of the denial of his § 2255 motion, which was denied on June 1, 2007. On May 5, 2008, Petitioner field a motion under Rule 60(b) to set aside the Court's April 4, 2007 order, which the Court treated as a successive § 2255 motion, and denied on May 23, 2008. The Fourth Circuit dismissed Petitioner's appeal of the denial of his § 2255 motion, denied a certificate of appealability, and denied him authorization to file a successive § 2255 motion in an unpublished opinion on September 17, 2008. *See* C/A No. 04-23082, ECF no. 59.

5

## Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 805 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(en banc)). Further, a § 2255 motion must be brought in the sentencing court. In contrast, a writ under § 2241 by a federal prisoner "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention,'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). A threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241 only if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). *See Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions

6

of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal. Instead, Petitioner makes conclusory, nonsensical allegations challenging the legitimacy or even the reality of the Court's authority to adjudicate issues concerning his "Private Rights." Petitioner's entire argument that "28 U.S.C. § 2255 [is] insufficient" consists of the following:

> Petitioner alleges that Writ of Habeas Corpus as established within the court created by Act of Congress operates pursuant to rules of procedures and evidences that are insufficient to protect private rights which are within the subject of the instant matter. Thus Petitioner's individual guarantee of Due Process would be abridged. Additionally, Petitioner is informed that the court created by Act of Congress are not constituted to resolve issues involving Private Rights of Citizens having legal status of Petitioner.

ECF No. 1, p. 1. However, the fact that Petitioner did not prevail on his previous motion for relief under § 2255 does not mean that the potential relief of § 2255 is inadequate or ineffective; it simply means that Petitioner is not entitled to it. *See Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

Although the "liberal pleading requirements" of Rule 8(a) of the Federal Rules of Civil Procedure only require a "short and plain"statement of the claim, the petitioner must "offer more detail . . . than the bald statement that he has a valid claim of some type against the [respondent]." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)(internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations

7

omitted and alterations in original). While this Court is bound to liberally construe Petitioner's *pro se* Petition, Petitioner must do more than make mere conclusory statements to support his claim. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Therefore, the instant Petition should be dismissed because this Court lacks jurisdiction to hear a federal prisoner's § 2241 petition that does not satisfy the "savings clause" of § 2255(e).

To the extent that the instant Petition can be liberally construed, in the alternative, as an attempt to file a second or successive § 2255 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(h), "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -"

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1),(2). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Under 28 U.S.C. § 2244(b)(3)(B)-(E),

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application

>    shall be determined by a three-judge panel of the court of appeals.
>
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.
>
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B)-(E).

Petitioner has not obtained an order of certification from the Fourth Circuit Court of Appeals authorizing this Court to consider a second or successive § 2255 motion. Therefore, the instant Petition should be dismissed on this basis, as well, because this Court lacks jurisdiction to hear a second or successive § 2255 motion filed by Petitioner.

**Recommendation**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  Petitioner's attention is directed to the important notice on the next page.

April 6, 2011                                             s/Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Larry W. Propes, Clerk of Court**
>  **United States District Court**
>  **300 East Washington Street — Room 239**
>  **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).